UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RIVER TERRACE SQUARE, LLC and
RUSSELL SQUARE LLC,                    Case No. 2:24-cv-10509

             Plaintiffs,              HONORABLE STEPHEN J. MURPHY, III

v.

BI 79, LLC,

             Defendant.
                                        /

**OPINION AND ORDER GRANTING
MOTION TO DISMISS AMENDED COMPLAINT [14]
AND DENYING MOTION FOR RECONSIDERATION [21]**

In State court, Plaintiff River Terrace Square sued Defendant BI 79 for breach of contract and sought quiet title relief and monetary damages. ECF 1-2. Defendant timely removed the case based on diversity jurisdiction, ECF 1, PgID 3–4, and moved to dismiss the complaint, ECF 4. Plaintiff River Terrace Square timely amended the complaint and added Plaintiff Russell Square. ECF 7. The amended complaint includes claims that are nearly identical to those in the original complaint. *See id.* at 304–06. Defendant then moved to dismiss the amended complaint. ECF 14. The Court denied Plaintiffs' emergency motion to extend the redemption period for the foreclosure on Plaintiff Russell Square's property. ECF 19. The Court also vacated the State court's injunction that extended the foreclosure redemption period for Plaintiff River Terrace's property. *Id.* Plaintiffs moved for reconsideration of the

1

Court's order. ECF 21. For the following reasons, the Court will grant the motion to dismiss the amended complaint and deny the motion for reconsideration.

## BACKGROUND[1]

Defendant loaned $22.9 million to Plaintiff River Terrace to pay for the construction and renovation of Plaintiff River Terrace's apartment complex in Detroit. ECF 7, PgID 311–411 (Loan Agreement signed by both parties). After Plaintiff River Terrace failed to make required loan payments in 2022, Defendant and Plaintiff River Terrace modified the loan agreement (Modification Agreement) to provide Plaintiff River Terrace "a reasonable opportunity to bring the Loan [i]n [b]alance" before Defendant exercised its remedies. *Id.* at 454–55. As consideration, the Modification Agreement required Plaintiff River Terrace to provide Defendant with a security interest in the Russell Street Property that Plaintiff Russell Square owned. *Id.* at 470. Plaintiff Russell Square is an affiliate of Plaintiff River Terrace and was not a party to the Modification Agreement. *Id.* at 296.

One month after the Modification Agreement, Defendant sent Plaintiff River Terrace a notice of breach (Notice) and alleged two defaults. *Id.* at 505–08. First, Defendant stated that Plaintiff River Terrace "failed to make the full monthly interest payment for the month of January 2023 after the five [] days of when same became due." *Id.* at 506. Second, Defendant declared that Plaintiff River Terrace "failed to provide additional documentation necessary to secure [Defendant's] interest

---

[1] For the sake of judicial economy, the Court will incorporate the background section from its previous order, ECF 19.

in the properties listed on Exhibit A of the Modification Agreement." *Id.* Defendant explained that each failure amounted to an "Event of Default" as defined by the Loan Agreement and the Modification Agreement. *Id.* Defendant informed Plaintiff River Terrace that it "hereby exercises its right to accelerate [Plaintiff's] obligation to repay the Loan and declare the entire principal amount, all accrued interest, and all other amounts owed under the Loan Documents due and immediately payable, without further notice." *Id.* at 507. Last, Defendant advised: "Please note that no notice of a default is required under the Loan Documents." *Id.*

Defendant foreclosed on Plaintiff River Terrace's property on August 17, 2023. *Id.* at 299–300, 517–25 (sheriff's deed evidencing the foreclosure sale). The redemption date—the last date that Plaintiff River Terrace could redeem the property—was February 17, 2024. *Id.* at 524. Defendant also foreclosed on Plaintiff Russell Square's property on October 19, 2023. *Id.* at 300; 527–34 (sheriff's deed evidencing the foreclosure sale). The redemption date for the Russell Square property was April 19, 2024. *Id.* at 534.

Rather than attempting to redeem either property, Plaintiff River Terrace waited until the eve of the statutory redemption period and filed suit against Defendant in State court. ECF 1-2 (summons and complaint). Plaintiff River Terrace also moved to extend the redemption period on the River Terrace property. ECF 1-3, PgID 203–09 (emergency motion to extend). Plaintiff River Terrace argued that there was no "Event of Default" that warranted the foreclosure, thus making the sheriff's deed invalid. *Id.* The State court granted the motion and stayed the redemption

3

period indefinitely before Defendant had an opportunity to submit its brief opposing the motion. ECF 11, PgID 586; *see* ECF 1-4, PgID 213. Defendant then removed the action to federal court, ECF 1, and moved to vacate the State court's order extending the redemption period, ECF 11. Plaintiff Russell Square, meanwhile, filed an emergency motion for a preliminary injunction to extend the redemption period on the Russell Square property for the same reasons argued in the State court motion. ECF 10. The Court denied the emergency motion for a preliminary injunction and vacated the State's court's preliminary injunction because it found that the four preliminary injunction factors did not weigh in Plaintiffs' favor. ECF 19. Indeed, the Court analyzed that Plaintiffs faced a low likelihood of success on the merits of their claims. *See id.* For similar reasons explained below, the Court will dismiss Plaintiffs' claims.

## MOTION TO DISMISS

The Court may grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) if the complaint fails to allege facts "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The Court views the complaint in the light most favorable to the plaintiff, presumes the truth of all well-pleaded factual

assertions, and draws every reasonable inference in the nonmoving party's favor. *Bassett*, 528 F.3d at 430.

But the Court will not presume the truth of legal conclusions in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If "a cause of action fails as a matter of law, regardless of whether the plaintiff's factual allegations are true or not," then the Court must dismiss. *Winnett v. Caterpillar, Inc.*, 553 F.3d 1000, 1005 (6th Cir. 2009).

In a Rule 12(b)(6) motion, courts can only "consider the [c]omplaint and any exhibits attached thereto . . . [and] items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430 (citation omitted); *see also Decoration Design Sols., Inc. v. Amcor Rigid Plastics USA, Inc.*, 553 F. Supp. 3d 424, 427 (E.D. Mich. 2021) (Murphy, J.).

Plaintiffs alleged in the amended complaint that Defendant breached the Loan Agreement and Modification Agreement by failing to give Plaintiff River Terrace an opportunity to cure its default. ECF 7, PgID 305–07. The breach, Plaintiffs alleged, rendered the foreclosure process irregular because foreclosure "occurred before the powers of sale were operative." ECF 10, PgID 556. In other words, Plaintiff River Terrace argued that it did not default on the mortgage so Defendant could not exercise its contractual right to foreclose. *See id.* at PgID 556–57; *see also Powers v. Bank of America*, 63 F. Supp. 3d, 747753 (E.D. Mich. 2014) ("A mortgagee establishes a clear showing of irregularity if a bank forecloses on a mortgagee that is not in default under the terms of the agreement or a subsequent modification.").

Accordingly, in addition to the breach of contract claim, Plaintiffs sought in the amended complaint quiet title of both properties. *See* ECF 7, PgID 304–06.

The Court will dismiss Plaintiffs' claims because Plaintiffs had at least ten days to cure their default and failed to do so. Even if Plaintiff River Terrace defaulted under an Event of Default that required a cure period, Defendant argued that the right to cure was self-executing. ECF 14, PgID 941.[2] In other words, the right to cure began immediately when Defendant issued the Notice of Default to Plaintiff River Terrace on February 22, 2023. Nothing in the Modification Agreement required Defendant to notify Plaintiff River Terrace of its right to cure after sending the notice of default. In fact, the Modification Agreement expressly stated that in the Event of Default, Plaintiffs were not entitled to any notice whatsoever before Defendant could begin exercising its contractual rights and remedies. ECF 7, PgID 465 ("If any Modification Event of Default occurs, the Lender, without notice to Borrower, may . . . without notice, proceed to protect and enforce its rights.").

The earliest date that Defendant could have exercised its rights was February 4, 2023, the day after Plaintiff River Terrace was required, and failed, under the Modification Agreement to provide the Russell Square mortgage. *Id.* at 457. But Defendant did not exercise its rights until February 22, 2023, when it sent Plaintiff

---

[2] Defendant argued that Plaintiff River Terrace was not entitled to a cure period. ECF 15, PgID 1043. It is at least arguable whether Defendant alleged that Plaintiff breached under the terms of the Modification Agreement, which required a ten-day cure period, or under the terms of the Loan Agreement, which did not require a cure period. If Plaintiffs were not entitled to a cure period, Plaintiffs cannot recover under their claims. The Court, however, need not determine whether the cure provision applied because even if it did, Plaintiffs' claims fail.

6

River Terrace a Notice of Default and stated that it "hereby exercises its right to accelerate the Borrower's obligation to repay the Loan." *Id.* at 507. Plaintiff River Terrace therefore had more than ten days to cure its default before Defendant began exercising its remedies.

Moreover, Defendant offered Plaintiff River Terrace even more time to cure before effectively accelerating the loan balance. Defendant emailed Plaintiff River Terrace on February 26, 2023 and proposed that Plaintiff River Terrace could cure its defaults by making the past-due January payment, prepare to make the February payment, and otherwise perform under the terms of the Modification Agreement by March 3, 2023. *Id.* at 510. Yet Plaintiff River Terrace did not perform. The March 3 extension gave Plaintiff River Terrace more than ten days past the notice of default to cure its default. Contrary to Plaintiff River Terrace's allegation that it "could have preserved the property interests by making [the January payment] and providing the requested additional documentation within ten days," Plaintiff had the opportunity to do so and refused. Defendant did not sue Plaintiff River Terrace until April 2023 and Defendant began foreclosure by advertisement in July 2023. *See Id.* at 298–99. At no point after Defendant sent the Notice of Default did Plaintiffs contact Defendant and offer to make the January payment or ask to modify the agreement again.

In sum, Plaintiff River Terrace had more than ten days to cure before Defendant began exercising rights. Defendant attempted to work with Plaintiff River

7

Terrace to no avail. Plaintiffs therefore cannot prevail on their breach of contract or quiet title claims.

Plaintiffs argued in the alternative that the Russell Square mortgage was void because Plaintiff River Terrace did not satisfy conditions precedent to the Modification Agreement. ECF 10, PgID 565. Their argument assumes that the Russell Square mortgage depended on the satisfaction of the Modification Agreement. But the Russell Square mortgage was fully executed by Plaintiff Russell Square and Defendant. ECF 7, PgID 473, 499. And the mortgage did not contain a condition precedent that the Modification Agreement must be satisfied before the mortgage became binding. *See id.* at 472–99. Although the mortgage was collateral for the Modification Agreement, it was not contingent upon the Modification Agreement's conditions precedent. The mortgage was separate.

The Russell Square mortgage allowed Defendant to foreclose on the Russell Square property in the "event of default" under any of the loan documents. *Id.* at 486. As explained above, Plaintiff River Terrace defaulted under the Loan and Modification Agreements. Defendant therefore properly foreclosed on the Russell Square property and Plaintiff cannot quiet title. The Court will dismiss the quiet title claim under Plaintiff Russell Square's alternative theory.

### MOTION FOR RECONSIDERATION

Plaintiffs moved for reconsideration of the Court's order denying Plaintiffs' emergency motion and granting Defendant's motion to vacate. ECF 21. Eastern District of Michigan Local Rule 7.1(h) governs motions for reconsideration and

8

provides that motions for reconsideration on non-final orders are disfavored. Such motions may be brought only upon the following grounds: "[t]he [C]ourt made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the [C]ourt at the time of its prior decision"; "[a]n intervening change in controlling law warrants a different outcome; or [n]ew facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision." E.D. Mich. L.R. 7.1(h).

Plaintiffs argued that the Court made three mistakes that warrant reconsideration. ECF 21, PgID 1560. First, Plaintiffs argued that the Court erred in interpreting the contracts in a manner that rendered the cure provision meaningless. *Id.* at 1562–65. Next, Plaintiffs argued that the Court incorrectly found that Plaintiffs had more than ten days to cure the alleged defaults before Defendants began exercising remedies. *Id.* at 1565–67. Third, Plaintiffs posited that the Court misinterpreted Plaintiff Russell Square's quiet title claim. *Id.* at 1567–70. The Court need not address those arguments, however, because the Court's analysis above justifies dismissing the amended complaint. And Plaintiffs' arguments are therefore moot. The Court also need not reconsider its order regarding preliminary injunctive relief because it analyzed and decided the case on the merits. There is no likelihood that Plaintiffs will succeed on the merits after the Court decided that their claims failed. The Court will therefore deny Plaintiffs' motion for reconsideration.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the motion to dismiss the amended complaint [14] is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion for reconsideration [21] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion to dismiss the original complaint [4] and the motion to expedite [12] are **DENIED AS MOOT**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: June 6, 2024